inference." Farmer, 511 U.S. at 837. In considering the types of conditions that constitute a substantial risk of serious harm, the court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, i.e., that society does not choose to tolerate this risk in its prisons. Helling v. McKinney, 509 U.S. 25, 36 (1993).

This complaint does not satisfy the subjective component of an Eighth Amendment claim. Because plaintiff required surgery after his second trip to the Med, the court assumes he suffered from a serious medical need. However, plaintiff admits he received treatment from SCCC nurses. He was also transported to the Med for treatment based upon his continuing complaints after that treatment. Plaintiff admits he underwent diagnostic testing and was treated by a doctor at the Med. Apparently, that doctor did not diagnose plaintiff's condition as requiring any other treatment than that which was rendered at that time. Plaintiff continued to receive treatment by the SCCC nurses after he was sent from the Med back to SCCC. Plaintiff was immediately taken back to the Med when a SCCC nurse diagnosed his condition as requiring surgery.

Plaintiff does not provide any allegations that anyone was deliberately indifferent to his medical needs. Plaintiff's own allegations show plaintiff was continually receiving medical treatment, and medical personnel were attempting to diagnose and treat plaintiff's condition. Those allegations show that the